# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DANIEL FEENEY and** | : | |
| **KATIE GUERNSEY** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **No. 3:06cv310(DJS)** |
| **v.** | : | |
| | : | |
| **RICHARD DUNHAM,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>MEMORANDUM OF DECISION</u>

This action arises out of a motor vehicle accident between Daniel Feeney ("Feeney") and Richard Dunham ("Dunham").  Feeney alleges that Dunham, through his negligence and recklessness, caused the accident, and that Dunham is liable for the personal injuries Feeney sustained in the accident.  Feeney's wife, Katie Guernsey ("Guernsey"), claims that Dunham is also liable for loss of consortium.  Defendant Dunham has moved for summary judgment, (<u>see</u> dkt. # 23), on the ground that the plaintiffs' claims are barred by the two-year statute of limitations.   For the reason set forth herein Dunham's motion for summary judgment **(dkt. # 23)** is **GRANTED.**

## I.  FACTS

The parties agree that the accident giving rise to this action occurred in Northfield, Connecticut, on March 3, 2004.  Plaintiffs Feeney and Guernsey, who are both citizens of Florida, filed their complaint with this court on March 2, 2006.  The complaint was served on defendant Dunham, who is a citizen of Connecticut, on June 29, 2006.  Then, on July 26, 2006, the court, <u>sua</u> <u>sponte</u>, entered a "default for failure to answer or otherwise respond" against

defendant Dunham. (See dkt. # 9). Two days later, on July 28, 2006, Dunham filed an answer. (See dkt. # 10.) Dunham's answer did not raise the special defense of statute of limitations. (See id.)

Thereafter, on September 5, 2006, the parties jointly filed their "Form 26(f) Report of Parties' Planning Meeting" (the "26(f) Report"). (See dkt. # 14.) In the 26(f) Report, Feeney and Guernsey represented that they had complied with the applicable statute of limitations, while Dunham argued that "the statute of limitations bars the suit." (Id.) Then, on November 1, 2006, Dunham filed a motion to amend his answer to include a special defense that the statute of limitations bars this action. (See dkt. # 19.) Feeney and Guernsey did not object to or otherwise respond to Dunham's motion. Accordingly, this court granted Dunham's request, absent objection, on November 30, 2006. (See dkt. # 22.) Plaintiffs did not subsequently file a motion for reconsideration.

In the interim, on November 7, 2006, plaintiffs served interrogatories and requests for production upon Dunham. Dunham first sought an enlargement of time to respond to plaintiffs' requests on November 14, 2006. (See dkt. # 20.) The court granted this request on November 16, 2006. (See dkt. # 21.) Thereafter, on January 29, 2007, Dunham requested another extension of time to respond to plaintiffs' discovery requests. (See dkt. # 25.) The court granted this request on January 30, 2007. (See dkt. # 26.)

Although Dunham never filed an amended answer, he filed the instant motion for summary judgment on the ground that the plaintiffs' suit is time-barred by Section 52-584 of the Connecticut General Statutes ("Conn. Gen. Stat"). (See dkt. # 23.) Plaintiffs subsequently filed a document entitled "Memorandum of Law in Support of Plaintiffs' Opposition to Defendant's

Motion for Summary Judgment, and Cross Motion to Strike Affirmative Defense." (See dkt. # 29.)

## II. DISCUSSION

According to Dunham, there is no genuine issue of material fact regarding whether plaintiffs' suit is barred by the applicable statute of limitations because plaintiffs concede that Dunham was served with the complaint more than two years after the date of the motor vehicle accident. Plaintiffs argue that Dunham's motion for summary judgment should be denied for three reasons. First, they assert that the court should strike the statute of limitations defense because Dunham, through his inaction and conduct, waived the right to assert statute of limitations as a defense. Second, they argue that the statute of limitations should not bar this action because they filed their complaint on time and proceeded in good faith. Lastly, they argue that Dunham failed to comply with Local Rule 56(a) of the Local Rules of Civil Procedure for the District of Connecticut ("D. Conn. L. Civ. R."). The court shall address each of Feeney's and Guernsey's argument seriatim.

## A. Waiver

Feeney and Guernsey argue that Dunham has waived the special defense of statute of limitations because of his inaction and conduct. As a preliminary matter, the court observes that Feeney and Guernsey did not object to or otherwise respond to Dunham's motion to amend his answer to include the special defense of statute of limitations. Nor did they ask the court to reconsider its decision to allow Dunham to interpose the affirmative defense of statute of limitations. Lastly, although plaintiffs' opposition papers are entitled, "Memorandum of Law in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, and

CrossMotion to Strike Affirmative Defense," plaintiffs do not rely upon Rule 12(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")  Rather, they rely upon Basko v. Winthrop Labs., Inc., 268 F. Supp. 26 (2d Cir. 1967); cited with approval in Strauss v. Douglas Aircraft Co., 404 F. 2d 1152 (2d Cir. 1968).

The case presently before the court is factually distinguishable from both Basko and Strauss.  While plaintiffs are correct that in Basko, the Second Circuit held that the defendants had waived their right to interpose defenses of statutes limitations because of their long delay in deciding to raise these defenses, see Basko, 268 F. Supp. at 26, the situation presently before the court is not analogous to that in Basko.  The defendants in Basko waited nearly ten months to assert that the action was time-barred, while Dunham sought to permission to interpose the statute of limitations defense four months and one day later after he was served with the complaint.  Moreover, as of September 5, 2006, when the parties jointly filed their "26(f) Report," Feeney and Guernsey were aware that it was Dunham's position that  "the statute of limitations bars the suit."  (Dkt. # 14.)  Accordingly, this case is factually distinguishable from Basko because here plaintiffs had notice that Dunham intended to raise an affirmative defense just over three months after the defendant was served.

The case presently before the court also differs from Strauss.  In Strauss, the Second Circuit reversed a district court's decision that had granted the defendant leave to amend its answer to include a statute of limitations defense.  In that case, however, the plaintiff had successfully demonstrated that he could have timely brought his action in another forum had the defendant promptly raised its statute of limitations defense.  See Strauss, 404 F. 2d at 1157-58.  Here, Feeney and Guernsey have failed to demonstrate that they could have brought their claims

in another forum had Dunham raise the statute of limitations defense earlier.

Lastly, the court observes that the Second Circuit has found that "[t]he Rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for district court to deny the right to amend." Fluor, 654 F. 2d at 856. Yet, "the longer the period of an unexpected delay, the less will be required by the nonmoving party in terms of a showing of prejudice." Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983). In Evans, the Second Circuit found that the defendant acted in bad faith when it moved to amend its answer to assert the defense of res judicata based on a dismissal over two years earlier of a similar claim brought by the plaintiff pro se in state court. The court refused to allow the defendant to amend its answer because plaintiff's appointed counsel was not aware of the state court's decision and the defendant-which knew of the decision-should have informed plaintiff's counsel. See Evans, 704 F.2d at 48. Here, although Dunham waited just over four months to seek permission to interpose a defense of statute of limitations, Feeney and Guernsey have not shown that Dunham acted in bad faith. Plaintiffs attempt to argue that, since they engaged in discovery, they would be prejudiced should Dunham be allowed to assert the affirmative defense of statute of limitations. When Dunham filed his motion to amend his answer, however, plaintiffs had not yet served discovery requests upon him. Moreover, as a result of the parties' planning conference and their joint 26(f) Report, the plaintiffs were already aware of Dunham's intention to assert a statute of limitations defense. Although plaintiffs may have expended time, effort, and money in litigating this matter, the Second Circuit has found that "these [time, effort,

and money] allegations do not arise to the 'substantial prejudice' we contemplated in Strauss or even the lesser prejudice required in Evans." Block, 988 F.2d at 35. Lastly, the court observes that "the mere fact that a claim may be time-barred by allowing an answer to be amended to assert the limitations defense does not constitute prejudice." Gleeson v. Prevoznik, No. 3cv-03-0552, 2006 WL 3196752, at *2 (M.D. Pa. Nov. 2, 2006). Based on the foregoing, the court finds that Feeney and Guernsey are unable to show prejudice or bad faith.

The court further observes, sua sponte, that although Dunham moves for summary judgment on his statute of limitations defense, he never filed an amended answer, which included this defense. While the statute of limitations defense constitutes an affirmative defense, to be asserted in the pleadings, see Fed. R. Civ. P. 8(c), the court notes that the purpose of Rule 8(c) is to give the opposing party notice of the issue and an opportunity to argue its position. Blonder-Tongue Lab. v. Univ. of Illinois Found., 402 U.S. 313, 350 (1971). Moreover, in this Circuit, it is well established that an affirmative defense may be asserted even at summary judgment where the party opposing the affirmative defense has the opportunity to respond effectively to that defense, and has otherwise suffered no prejudice as a result of its late pleading. See, e.g., Astor Holdings Inc. v. Roski, 325 F. Supp. 2d 251, 260-61 (S.D.N.Y. 2003) ("a district court may consider the merit of an affirmative defense-even one explicitly listed in Fed. R. Civ. P. 8(c)-raised for the first time at the summary judgment stage, so long as the plaintiff has had an opportunity to respond") (citing Curry v. City of Syracuse, 316 F.3d 324, 330-31 (2d Cir. 2003); DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund, 975 F. Supp. 258, 263 (S.D.N.Y. 1997) ("Numerous courts have held that absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time.") (brackets and

quotation marks omitted)).  Indeed, "[a]n affirmative defense is not deemed waived on a motion

for summary judgment where the defendant's failure to plead the affirmative defense does not

prejudice the plaintiff."  Snyder v. U.S., No. 88-cv-2136(RR), 1995 WL 724529, at *11

(E.D.N.Y. July 26, 1995).

Although Fed. R. Civ. P. 8(c) lists the statute of limitations defense as an affirmative

defense, Feeney and Guernsey cannot argue that they were unfairly prejudiced by, or lacked an

opportunity to respond to, Dunham's argument that this action is barred by the applicable statute

of limitations.  First, as early as September 5, 2006, plaintiffs were on notice that Dunham

intended to raise the statute of limitations defense.  Indeed, in the 26(f) Report, which was filed

with the court on September 5, 2006, Dunham maintained that "the statute of limitations bars the

suit."  (Dkt. # 14.)  Plaintiffs again received notice of Dunham's intention to assert the statute of

limitations defense on November 1, 2006, when Dunham filed his motion to amend his answer to

include this defense.  Feeney and Guernsey did not object to or otherwise respond to Dunham's

motion to amend.  Nor did they subsequently file a motion for reconsideration after the court

issued an order that granted Dunham's request.  Moreover, the parties do not dispute that the

plaintiffs did not serve discovery requests upon Dunham until November 7, 2006, which was

after the parties jointly filed the 26(f) Report and after Dunham filed his motion to amend his

answer to interpose a statute of limitations defense.  Thus, plaintiffs cannot show that they were

prejudiced by Dunham's argument or that they lacked an opportunity to respond to his contention

that this action is barred by the statute of limitations.

Based on the foregoing, Feeney's and Guernsey's motion to strike Dunham's affirmative

defense **(dkt. # 29)** is **denied**.

B.  Summary Judgment Standard

A motion for summary judgment may be granted "if the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is appropriate if, after discovery, the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." <u>Celotex Corp. v. Catreet</u>, 477 U.S. 317, 323 (1986).  "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" <u>American Int'l Group, Inc., v. London Am. Int'l Corp., Ltd.</u>, 664 F. 2d 348, 351 (2d Cir. 1981) (quoting <u>Heyman v. Commerce & Indus. Ins. Co.</u>, 524 F.2d 1317, 1319-20 (2d Cir. 1975)).

A dispute concerning a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Aldrich v. Randolph Cent. Sch. Dist.</u>, 963 F.2d 520, 523 (2d Cir. 1992) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). The court must view all inferences and ambiguities in a light most favorable to the nonmoving party.  <u>See</u> <u>Bryant v. Maffucci</u>, 923 F.2d 979, 982 (2d Cir. 1991).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." <u>Id.</u>

1.  The Applicable Statute of Limitation Bars this Suit

Dunham argues that this action, which is before this court under the authority conferred by 28 U.S.C. § 1332, is barred by Conn. Gen. Stat. § 52-584.[1]  To determine the statute of

---

[1]Section 52-584 reads, "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered. . . ."  Conn. Gen. Stat. § 52-584.

limitations in federal practice, one must first look at what basis the subject matter jurisdiction is in the action. In a diversity of citizenship case, brought pursuant to 28 U.S.C. § 1332, state law is looked to for the applicable statute of limitations. See Guarantee Trust Co. v. York, 326 U.S. 99, (1945). Indeed, "[w]hen a federal court adjudicates state law claims, state statute of limitations govern the timeliness of state law claims, and state law determines the related question of what events serve to commence an action and to toll the statute of limitations." Wilson v. Midway Games, Inc., 198 F. Supp. 2d 167, 174 (D. Conn. 2002). Here, the parties do not dispute that all of Feeney's and Guernsey's claims arise under Connecticut law. Thus, Connecticut law governs both the timeliness of Feeney's and Guernsey's claims and whether their action was commenced prior to the expiration of the limitations period, which pursuant to Conn. Gen. Stat. § 52-584, is two years. The parties do not dispute that the motor vehicle accident giving rise to this lawsuit occurred on March 3, 2004, and that Feeney and Guernsey filed their complaint with this court on March 2, 2006. It is also undisputed that the complaint was not served upon Dunham until June 29, 2006. Accordingly, the parties agree that although the complaint was filed with the court within two years from the date of the motor vehicle accident, the complaint was not served upon Dunham within two years from the date of the motor vehicle accident. Therefore, the dispositive question before the court is whether this action was commenced within the two-year period of limitations.

i. Commencement of the Action

Feeney's and Guernsey's first argument, that their action was "commenced" on March 2, 2006 because they complied with all applicable federal procedural rules in filing and serving their complaint, fails. This is because the determination of when an action is commenced for the

purposes of the statute of limitations differs depending upon whether the action is based on state or federal law. See Walker v. Armco Steel Corp., 446 U.S. 740 (1980). Indeed, although Fed. R. Civ. P. 3 reads, "[a] civil action is commenced by filing a complaint with the court," see Fed. R. Civ. P. 3, the Supreme Court held in Walker that Fed. R. Civ. P. 3 "does not affect state statutes of limitations" but simply "governs the date from which various timing requirements of the Federal Rules begin to run." Id. at 751. Here, Feeney and Guernsey have brought a diversity action, thus the court is "adjudicat[ing] state law claims . . . and state law determines the related question of what events serve to commence an action and to toll the statute of limitations." Wilson, 198 F. Supp. at 174. As another judge in this district has persuasively observed,

> [i]t is well settled that in Connecticut (unless otherwise specified by the legislature) a case is considered "brought" for purposes of a statute of limitations on the date of service of the complaint upon the defendant and that, in a federal diversity action, such state rules comply and not Fed. R. Civ. P. 3. . . .

Kotec v. Japanese Educ. Inst. of N.Y., 321 F. Supp. 2d 428, 431 (D. Conn. 2004). As noted by the court in Kotec, the Supreme Court has observed the following:

> Furthermore, there is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

Id. (citing Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980)). Although Feeney and Guernsey filed their complaint on March 2, 2006, the complaint was not served upon Dunham until June 29, 2006. Since "Connecticut . . . follows the actual service rule under which an action is commenced only upon actual service on the defendant," Palacio v. Munies, 3:98cv01893(GLG), 1999 WL 608818, *2 (D. Conn. Aug. 5, 1999); see also Conn. Gen. Stat. § 52-45(a); and Feeney and Guernsey concede that Dunham was served more than two years after

the date of the accident, this action was not "commenced" before the expiration of the limitations period. Thus, as a matter of law, this action is barred by Conn. Gen. Stat. § 52-584.

ii. Tolling

Plaintiffs next unsuccessfully argue that the timely filing of a complaint in federal court tolls the statute of limitations even if service is effectuated thereafter. Plaintiffs rely on <u>Reisinger v. Cannon</u>, 127 F. Supp. 50 (D. Conn. 1954); and <u>Glebus v. Filmore</u>, 104 F. Supp. 902 (D. Conn. 1952). These cases, however, predate both <u>Walker</u> and <u>Converse v. General Motors Corp.</u>, 893 F.2d 513 (2d Cir. 1990). In <u>Walker</u>, the Supreme Court observed, "[t]here is no indication that [Fed. R. Civ. P. 3] was intended to toll a state statute of limitations . . . ." <u>Walker</u>, 446 U.S. at 750-51. Indeed, the <u>Walker</u> court held that Fed. R. Civ. P. 3 "does not affect state statutes of limitations" but simply "governs the date from which various timing requirements of the Federal Rules begin to run." <u>Id.</u>, at 751. In <u>Converse</u>, the Second Circuit explicitly reject plaintiff's argument, which was premised upon <u>Glebus</u> and <u>Reisinger</u>. The Second Circuit observed,

> [Plaintiff's] contention rests on two cases, <u>Glebus v. Fillmore</u>, 104 F. Supp. 902 (D.Conn.1952), and <u>Reisinger v. Cannon</u>, 127 F. Supp. 50 (D.Conn.1954). However, the determination in those cases that the service of process requirement is not integral to the Connecticut statute of limitations mistakenly rested on the fact that the manner in which the statute of limitations could be satisfied was not to be found in any statutory provision. <u>Glebus</u>, 104 F. Supp. at 903; <u>Reisinger</u>, 127 F. Supp. at 51. To that extent, the analysis set forth in those cases ignores the equivalence, for <u>Erie</u> purposes, of statutory provisions and pronouncements of the highest state court. <u>Erie R.R.</u>, 304 U.S. at 78, 58 S.Ct. at 822. <u>See</u> <u>West v. American Tel. & Tel. Co.</u>, 311 U.S. 223, 236, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940) ("[T]he rules of decision established by judicial decisions of state courts are 'laws' as well as those prescribed by statute.").
>
> More importantly, the cases upon which Converse relies pre-date <u>Walker v. Armco</u> by more than twenty-five years and, therefore, were decided without the insight provided in that case. In <u>Walker</u>, the Supreme Court recognized the connection between the service of process requirement and the important state policies underlying the statute of limitations:

> "The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim. *A requirement of actual service promotes both of those functions of the statute. . . . As such, the service rule must be considered part and parcel of the statute of limitations.*" <u>Walker</u>, 446 U.S. at 751-52, 100 S.Ct. at 1986 (emphasis added).

<u>Converse</u>, 893 F.2d at 515-16. Thus, plaintiffs' argument fails because <u>Walker</u>, "laid to rest the notion that Rule 3 can ever be used to toll a state statute of limitation in a diversity case arising under State Law." <u>Converse</u>, 893 F.2d at 516 (citing <u>Fischer v. Iowa Mold Tooling Co.</u>, 690 F.2d 155, 157 (8th Cir. 1982)). Since plaintiffs' have not shown that the filing of the complaint tolled the statute of limitation, Dunham, as a matter of law, is entitled to summary judgment.

## 2. Local Rule 56(a)

Plaintiffs argue that Dunham's motion for summary judgment should be denied because his motion did not comport with the technical requirements of Local Rule 56(a). Local Rule 56(a) requires a party moving for summary judgment to annex to its motion a "Local Rule 56(a)(1) Statement." The statement must set forth, in separately numbered paragraphs, each material fact as to which the moving party contends there are no genuine issues of material fact. The court finds that Dunham cured this deficiency because he subsequently filed a Local Rule 56(a)(1) statement. (<u>See</u> dkt. # 34.) Accordingly, to the extent plaintiffs argue that Dunham's motion for summary judgment should be denied on this technical ground, their request is denied.

## III. CONCLUSION

For the forgoing reasons, defendant's motion for summary judgment **(dkt. # 23)** is **GRANTED** and plaintiffs' motion to strike **(dkt. # 29)** is **DENIED.** The Clerk of the Court

shall close this file.

**IT IS SO ORDERED** at Hartford, Connecticut on this __18th____ day of April, 2007.

_____**/s/DJS**_____
**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**